IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL CURTIS REYNOLDS, :
:
        Plaintiff :
:
     v. : CIVIL NO. 4:CV-08-2020
:
WARDEN BLEDSOE, ET AL., : (Judge McClure)
:
        Defendants :

## **MEMORANDUM**

November 12, 2008

**Background**

      Michael Curtis Reynolds ("Plaintiff"), an inmate presently confined in the Allenwood United States Penitentiary, White Deer, Pennsylvania ("USP-Allenwood"), initiated this *pro se* civil rights action pursuant to 28 U.S.C. § 1331. The Complaint is accompanied by a request for leave to proceed *in forma pauperis*. *See* Record document no. 2. For the reasons set forth below, Reynolds' complaint will be dismissed, without prejudice pursuant to the screening provisions of 28 U.S.C.§ 1915(g).

      Named as Defendants are the following three (3) employees at Reynolds' prior place of confinement, the United States Penitentiary, Lewisburg, Pennsylvania ("USP-Lewisburg"): Warden Bledsoe, Counselor Cavanaugh, and Unit Manager Adams. Reynolds' pending Complaint indicates that while previously confined at

USP-Lewisburg on March 20, 2008 he was assaulted by a Native American inmate. The inmate assailant also purportedly threatened Reynolds with future harm. Plaintiff alleges that Defendants had advance warning of this impending assault and failed to take protective measures. Reynolds also contends that following the attack he was denied adequate medical treatment and verbally threatened by Counselor Cavanaugh. As relief, Plaintiff seeks compensatory and punitive damages.

**Discussion**

Under § 1915(g), a federal civil action by a prisoner proceeding *in forma pauperis* is barred if he or she:

> has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Reynolds, while incarcerated, previously initiated the following civil actions which were dismissed by this Court under 28 U.S.C. § 1915(e)(2)(B) as being frivolous: *Reynolds v. Lackawanna County Prison*, Civil No. 4:06-CV-1190 (M.D. Pa. July 7, 2006)(complaint *sua sponte* dismissed as frivolous); *Reynolds v. Gurganus, et al.*, Civil No. 4:06-CV-1753 (M.D. Pa. Sept. 11, 2006)(*sua sponte* dismissal on grounds that complaint is frivolous); *Reynolds v. Kosik, et al.*, Civil No. 4:06-CV-2466 (M.D. Pa. Jan.18 , 2007)(complaint *sua sponte* dismissed as frivolous). Those actions constitute three strikes as contemplated under § 1915(g).[1]

---

1. It is noted that no appeals were filed by Reynolds in those cases.

The only exceptions to the three strikes requirement is if the alleged unconstitutional conduct places the inmate plaintiff in danger of imminent "serious physical injury" at the time his complaint was filed. *See Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir. 2001). It must be shown that "the danger of serious physical injury was imminent at the time the complaint was filed, not at the time of the alleged incident." *McCarthy v. Warden*, USP-Allenwood, 2007 WL 2071891 *2 (M.D. Pa. July 18, 2007)(Caldwell, J.). Past danger is insufficient, rather the danger must be about to occur at any moment or impending. *See id.*

Reynolds contends that he satisfies the danger of imminent serious physical injury exception because the Native American inmate who allegedly assaulted him at USP-Lewisburg threatened Plaintiff that "should he appear in any facility with Native Americans, he would be assaulted again or worse to remove him." Record document no. 1, p. 1. His Complaint concludes that this threat clearly qualifies as being an imminent risk to his safety.

According to Plaintiff, the alleged assault and verbal threat by a Native American inmate occurred at USP-Lewisburg on March 20, 2008. Reynolds' present Complaint is dated November 4, 2008. Thus, over seven (7) months has elapsed since the alleged failure to protect Reynolds' safety occurred at USP-Lewisburg. Following the alleged assault, Reynolds was admittedly transferred from USP-Lewisburg and is presently confined at USP-Allenwood. There are no assertions that there is an ongoing failure to protect his safety or that he is presently being threatened by any Native American inmates. Plaintiff also does not maintain that he has any medical needs stemming from injuries sustained in the alleged assault which are not presently being addressed. The Complaint also contains no indication that Plaintiff will be

returned to USP-Lewisburg in the foreseeable future. It is additionally noted that the Complaint does not seek any type of injunctive relief, *i.e.*, a transfer to a safer correctional facility.

Based upon an application of the standards announced in §1915(g), *Abdul-Akbar* and *McCarthy*, to those undisputed factors, Reynolds has failed to adequately allege that he is in danger of imminent serious physical injury. In conclusion, Plaintiff's present civil rights action will be dismissed under § 1915(g). An appropriate Order will enter.

    s / James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL CURTIS REYNOLDS,       :
                               :
        Plaintiff              :
                               :
    v.                         :   CIVIL NO. 4:CV-08-2020
                               :
WARDEN BLEDSOE, ET AL.,        :
                               :   (Judge McClure)
        Defendants             :

## **ORDER**

November 12, 2008

In accordance with the accompanying Memorandum,

**IT IS HEREBY ORDERED THAT:**

1. Plaintiff's complaint is dismissed without prejudice as frivolous pursuant to 28 U.S.C. § 1915(g).

2. The Clerk of Court is directed to close the case.

3. Any appeal from this Order will be deemed frivolous, without probable cause and not taken in good faith.

    s / James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge